IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| DOUGLAS ALEXANDER BLANCO MEJIA,<br><br>            Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General, et al.,<br><br>            Respondents. | 0:26-CV-1752<br><br>MEMORANDUM AND ORDER CONDITIONALLY GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends his detention is unlawful because he was denied a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 5.

The briefing demonstrates that the petitioner's application for the writ only presents issue of law—and the government does not dispute this point, *see* filing 8 at 2—so the Court declines to hold a hearing. *See* § 2243. The Court will conditionally grant the petition for the reasons thoroughly articulated by the undersigned in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026).[1] The Court elects to order a bond hearing,

---

[1] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley*

rather than outright release, for the reasons articulated by the undersigned in *Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304 (D. Neb. Feb. 18, 2026). The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release. *See Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026).

IT IS ORDERED:

1.  The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.  The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before March 24, 2026**.

3.  The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

---

*Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g.*, *Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).

4.    If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5.    **On or before March 26, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 17th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge